# UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARLOS VARGAS, JEYSOM CASTREJON, STEPHANIE DIAZ, and MICHAEL RIVERA. on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>M AND G TOGETHER 4 EVER, LLC D/B/A BURRITO BAR & KITCHEN and GREGORY YERMAN,<br><br>Defendants. | Civil Action No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>**FLSA COLLECTIVE ACTION & RULE 23 CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs CARLOS VARGAS JEYSOM CASTREJON, STEPHANIE DIAZ, and MICHAEL RIVERA ("Plaintiffs"), individually and on behalf of all others similarly situated, as class representatives, upon personal knowledge as to themselves, and upon information and belief as to all other matters, alleges as follows:

## NATURE OF THE ACTION

1. This lawsuit seeks to recover minimum wages, unpaid overtime wages, spread of hours pay, and tips/gratuities for Plaintiffs and their similarly situated co-workers – all of whom worked as tipped, hourly food service workers at Defendants' BURRITO BAR & KITCHEN restaurant located at 307 Flatbush Avenue in Brooklyn, New York.

2. Plaintiffs and the other food service workers employed by Defendants were not paid, and are owed, minimum wages for all the hours they worked for Defendants, overtime wages for all overtime hours they worked for Defendants, spread of hours pay for long shifts worked, and tips/gratuities that Defendants illegally withheld.

3. Defendants paid Plaintiffs and the other food service workers hourly rates less than the required hourly Cash Wage rates required by the NYLL.

4. Specifically, while the NYLL required employers - starting January 1, 2025 – to pay food service workers hourly Cash Wage rates of $11.00 per hour (allowing for a tip credit of $5.50), Defendants instead paid Plaintiffs and the other food service workers at the rate of $10.65 per hour.

5. Defendants also paid Plaintiffs and the other food service workers – in 2024 and 2025 - at the wrong overtime rates, paying them overtime at the rates of $15.97 or $15.98 per hour instead of at the required overtime rates of $18.65 (2024) and $19.25 (2025).

6. Defendants also failed to pay Plaintiffs and the other food service workers for all hours worked and failed to pay them spread of hours pay when their spread of hours was ten (10) hours or more per day.

7. Defendants therefore owe Plaintiffs and the other food service workers minimum wages, overtime wages and spread of hours pay.

8. In addition, for many years Defendants engaged in a scheme to steal tips/gratuities owed to Plaintiffs and the other food service workers. Specifically, Defendants would regularly deprive Plaintiffs and the other food service workers of earned tips/gratuities, instead keeping portions of their earned tips/gratuities for themselves.

9. Defendants therefore owe Plaintiffs and the other food service workers their earned tips/gratuities.

10. Because Defendants stole tips from their employees and failed to provide the required notices to their tipped employees, Defendants were not allowed to take the federal or New

York state tip credit and Plaintiffs and the Class Members are thus entitled to the full minimum wage for all hours worked for Defendants

11. Plaintiffs brings this action on behalf of themselves and similarly situated current and former food service workers who elect to opt-in to this action pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA"), and specifically the collective action provisions of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA by Defendants that have deprived Plaintiffs and other similarly situated employees of their lawfully earned overtime wages.

12. Plaintiffs also bring this action on behalf of themselves and all similarly situated current and former tipped, food service workers pursuant to Federal Rule of Civil Procedure 23 to remedy violations of the New York Labor Law ("NYLL"), including NYLL § 190 *et seq*., § 650 *et seq*., including 663(1), and Part 146 of Title 12 of the Official Compilation of Codes, Rules, and Regulations of the State of New York (NYCRR 146).

13. Plaintiff Vargas also brings this action under the FLSA and NYLL for illegal retaliation because Defendants fired him after complaining about, and questioning, their pay practices.

14. Plaintiffs seek, for themselves and all other similarly situated employees, declaratory and injunctive relief, unpaid wages including unpaid minimum wages, unpaid overtime, unpaid spread of hours pay, tips/gratuities retained by Defendants, statutory damages, interest, reasonable attorneys' fees, costs, liquidated damages, and all other appropriate legal and equitable relief, pursuant to the NYLL §§ 198, 663 and NYCRR 146.

## **JURISDICTION AND VENUE**

15. This Court has subject matter jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. §§ 1331 and 216(b).

16. This Court has jurisdiction over Plaintiffs' NYLL and NYCRR 146 claims pursuant to 28 U.S.C. §1367(a) in that the NYLL and NYCRR 146 claims are so related to Plaintiffs' FLSA claims as to form the same case or controversy under Article III of the United States Constitution. This Court also has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

17. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 because Defendants M AND G TOGETHER 4 EVER, LLC D/B/A BURRITO BAR & KITCHEN and GREGORY YERMAN ("Defendants") do business in, and accordingly reside in this district.

18. Venue is further proper within this District pursuant 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

19. Plaintiff CARLOS VARGAS ("Vargas") is an adult individual who resides in the State of New York.

20. Defendants employed Vargas as a food service employee from March 2025 until they terminated his employment on July 18, 2025.

21. Plaintiff JEYSOM CASTREJON ("Castrejon") is an adult individual who resides in State of New York.

22. Defendants employed Castrejon as a food service employee from May 2024 until April 2025.

23. Plaintiff STEPHANIE DIAZ ("Diaz") is an adult individual who resides in State of New York.

24. Defendants employed Diaz as a food service employee from April 2024 until July 2025.

25. Plaintiff MICHAEL RIVERA ("Rivera") is an adult individual who resides in the State of New York.

26. Defendants employed Rivera as a food service employee from April 2025 until June 2025.

27. Defendant M AND G TOGETHER 4 EVER, LLC D/B/A BURRITO BAR & KITCHEN ("Burrito Bar") is a Limited Liability Company with its principal place of business at 307-311 Flatbush Avenue in Brooklyn, New York.

28. Defendant GREGORY YERMAN ("Yerman") is an individual who at all times relevant herein, owned, operated and controlled the day-to-day operations and management of Burrito Bar.

29. Defendant Yerman is an owner of Burrito Bar.

30. Defendant Yerman is an owner of Defendant M AND G TOGETHER 4 EVER, LLC.

31. Defendant Yerman regularly goes to, and actively supervises, the day-to-day business of Burrito Bar.

32. Defendant Yerman regularly – on a daily/weekly basis - watches the employees of Burrito Bar by video remotely, even when he is not present on the premises of Burrito Bar.

33. Defendants Burrito Bar and Yerman jointly employed Plaintiffs and the other food service workers.

34. Defendants Burrito Bar and Yerman are herein collectively referred to as "Defendants."

35. Defendants grossed more than $500,000.00 in each of the last four (4) calendar years.

36. At all times relevant hereto, the activities of the Defendants jointly and separately constituted an "enterprise" within the meaning of § 3(r) & (s) of the FLSA, 29 U.S.C. § 203 (r) & (s).

37. At all times relevant hereto, Defendants employed employees, including Plaintiffs, and each member of the FLSA Collective and the Rule 23 Class, who regularly were employed by Defendants' enterprise engaged in commerce or the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of § 3(b), (g), (i), (j) (r) and (s)(A)(i) of the FLSA, 29 U.S.C. § 203(b), (g), (i), (j), (r), & (s)(A)(i).

38. At all times relevant hereto, Defendants have been, and continue to be, an "enterprise engaged in commerce or in the production of goods for commerce," within the meaning of 29 U.S.C. § 203 and 29 U.S.C. § 207(a)(1).

39. At all times relevant hereto, each of the Defendants has been, and continues to be, an "employer" as defined by 29 U.S.C. § 203(D) and by Articles 6 and 19 of the NYLL, and 12 N.Y.C.R.R.

40. At all times relevant hereto, Defendants have employed "employee[s]", including each of the Plaintiffs and each member of the FLSA Collective and the Rule 23 Class.

## COLLECTIVE ACTION ALLEGATIONS

41. Plaintiffs bring the First Cause of Action, FLSA claims, on behalf of themselves and all similarly situated persons who worked for Defendants as tipped hourly food service

workers at Burrito Bar in Brooklyn, New York, who elect to opt-in to this action (the "FLSA Collective").

42. Consistent with the Defendants' policy and pattern or practice, Plaintiffs and the FLSA Collective were not lawful overtime wages for all of overtime hours they worked.

43. As part of its regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiffs and the FLSA Collective.

44. This policy and pattern or practice includes but is not limited to willfully failing to pay their employees, including Plaintiffs and the FLSA Collective, the required overtime wages for each overtime hour worked for Defendants.

45. Defendants' unlawful conduct, as described in this Complaint is pursuant to a corporate policy or practice of minimizing labor costs by failing to pay Plaintiffs and the FLSA Collective overtime wages as required by law.

46. Defendants are aware or should have been aware that federal law required them to pay their employees overtime wages at the required overtime rates for all overtime hours worked.

47. Plaintiffs and the FLSA Collective are similarly situated in their job descriptions, duties, and compensation and perform, or performed, the same primary duties.

48. Defendants' unlawful conduct has been widespread, repeated, and consistent.

## CLASS ACTION ALLEGATIONS

49. Plaintiffs bring the Second, Third, and Fourth Causes of Action pursuant to Fed. R. Civ. P. ("FRCP") Rule 23, to recover unpaid minimum wages, unpaid overtime pay, unpaid spread of hours pay, illegally withheld tips/gratuities, liquidated damages, and statutory damages on behalf of a class of all individuals employed by Defendants as food service workers on or after the

date that is six years and 228 days before the filing of the original Complaint in this case until the entry of judgment in this case (the "NYLL Class Period"). All said persons, including Plaintiffs, are referred to herein as the “NYLL Class Members” and/or the “NYLL Class”.

50. The number, names and addresses of the NYLL Class Members are readily ascertainable from the records of Defendants. The dates of employment and the rates of pay for each Class Member, the hours assigned, and the wages paid to them, are also determinable from Defendants’ records. Notice can be provided by means permissible under FRCP Rule 23.

51. The proposed NYLL Class is so numerous that joinder of all NYLL Class Members is impracticable, and the disposition of their claims as a Class will benefit the parties and the Court. While the precise number of such persons is unknown to Plaintiffs and is presently within the sole control of Defendants, Plaintiffs believe that through discovery they will obtain evidence to establish that there are well over forty (40) members of the NYLL Class.

52. Plaintiffs’ claims are typical of the claims of the NYLL Class Members, and the relief sought is typical of the relief which would be sought by each Class Member in separate actions. All the NYLL Class Members were subject to the same enterprise-wide practices of Defendants, in that they were not properly compensated for all hours and overtime hours worked and for spread of hours pay. Furthermore, Defendants illegally withheld tips/gratuities from all the NYLL Class Members. Moreover, the NYLL Class Members were subject to Defendants’ policies of failing to give the NYLL Class Members the required NYLL §195(1) notices at their hiring and failing to give the Class Members the accurate wage statements required by NYLL § 195(3). Defendants’ enterprise-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member.

53. As fellow employees of Defendants, which failed to compensate Plaintiffs and the NYLL Class Members as required by law, Plaintiffs and the other NYLL Class Members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

54. Plaintiffs are able to fairly and adequately protect the interests of the NYLL Class and have no interests antagonistic to the NYLL Class. Plaintiffs are represented by attorneys who are experienced and competent in employment and wage and hour litigation and class action litigation. Plaintiffs' counsel have many times previously represented plaintiffs in wage and hour class cases.

55. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class Members are relatively small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the NYLL Class would create a risk of inconsistent

and/or varying adjudications with respect to the individual members of the NYLL Class, establishing incompatible standards of conduct for Defendants, and resulting in the impairment of NYLL Class Members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

56. Upon information and belief, employees are often afraid to individually assert their rights out of fear of direct or indirect retaliation and former employees are fearful of bringing individual claims because of the fear that doing so could harm their employment, future employment, and future efforts to secure employment. A class action provides Class Members who are not named in the Complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

57. The questions of law and fact common to the NYLL Class predominate over any questions affecting only individual NYLL Class Members, including:

a Whether Defendants failed to pay NYLL Class Members one and one half times their regular hourly rates, as required by 12 NYCRR § 146-1.4, for <u>all</u> hours worked in excess of forty (40) in a workweek;

b Whether Defendants failed to pay NYLL Class Members minimum wages, as required by the NYLL and 12 NYCRR § 146, for <u>all</u> hours worked;

c Whether Defendants paid spread of hours premiums to the NYLL Class Members for all days on which the NYLL Class Members' spread of hours exceeded ten (10) hours, as required by 12 NYCRR § 146-1.6;

d Whether Defendants illegally withheld/retained, and failed to pay NYLL Class Members their tips/gratuities;

e Whether Defendants provided written notices to the NYLL Class as required by 12 NYCRR § 146-2.2 and NYLL § 195(1); and

f Whether the pay statements that Defendants issued to the Class violated 12 NYCRR § 146-2.3 and NYLL § 195(3).

58. Absent a class action, many of the NYLL Class Members likely will not obtain redress of their injuries and Defendants will retain the proceeds of their violations of the NYLL.

**FACTUAL ALLEGATIONS**

59. Plaintiffs worked for Defendants at their restaurant known as "Burrito Bar & Kitchen" as a tipped food service workers – specifically as servers and bartenders.

60. Plaintiffs', the FLSA Collective's, and members of the Rule 23 Class', hours of work – as tipped food service workers employed by Defendants – varied depending on the day of the week.

61. Plaintiffs, the FLSA Collective, and members of the Rule 23 Class worked either opening or closing shifts at "Burrito Bar & Kitchen".

62. Plaintiffs, the FLSA Collective, and members of the Rule 23 Class worked either three, four, five, six or seven days a week for Defendants.

63. Defendants had a policy of adding an 18% gratuity to every check/order.

64. Those gratuities were tips that belonged exclusively to Plaintiffs and the other food service workers, Plaintiffs, the FLSA Collective, and members of the Rule 23 Class.

65. Plaintiffs, the FLSA Collective, and members of the Rule 23 Class participated in a tip pool – set up by Defendants - in which the tips/gratuities were pooled and shared.

66. Plaintiffs, the FLSA Collective, and members of the Rule 23 Class were never informed of how tips/gratuities would be shared, nor were they provided a breakdown of the tips they earned, nor were they provided the total tips/gratuities received during shifts they worked.

67. Furthermore, Defendants did not allow Plaintiffs, the FLSA Collective, and members of the Rule 23 Class to review or access the spreadsheet, or other records, that Defendants maintained that listed the amounts of tips received each shift/day.

68. Defendants illegally took and withheld portions of the tips/gratuities that belonged to Plaintiffs, the FLSA Collective, and members of the Rule 23 Class.

69. Defendants regularly stole cash tips/gratuities from Plaintiffs, the FLSA Collective, and members of the Rule 23 Class for many years.

70. As set forth above, Defendants paid Plaintiffs and the other food service workers - the FLSA Collective, and members of the Rule 23 Class - hourly rates <u>less</u> than the required hourly Cash Wage rates required by the NYLL.

71. Specifically, while the NYLL required employers - starting January 1, 2025 – to pay food service workers hourly Cash Wage rates of $11.00 per hour (allowing for a tip credit of $5.50), Defendants instead paid Plaintiffs and the other food service workers at the rate of $10.65 per hour.

72. Defendants also paid Plaintiffs and the other food service workers – in 2024 and 2025 - at the wrong overtime rates, paying them overtime at the rate of $15.97 or $15.98 per hour instead of at the required overtime rates of $18.65 (2024) and $19.25 (2025).

73. Defendants also regularly clocked Plaintiff and the other food service workers out early, and/or required them to stay after their scheduled end of shift time, resulting in them failing record <u>all</u> of their hours worked <u>and</u> failing to pay them for all hours worked.

74. Because Defendants stole tips from their employees and failed to provide the required notices to their tipped employees and failed to pay them the minimum Cash Wage rate for each hour worked, Defendants were not allowed to take the federal or New York state tip credit and Plaintiffs and the Class Members are thus entitled to the full minimum wage for all hours worked for Defendants.

75. Defendants also failed to pay Plaintiffs and the other food service workers spread of hours pay when their spread of hours was ten (10) hours or more per day.

76. Defendants therefore owe Plaintiffs, the FLSA Collective, and members of the Rule 23 Class minimum wages, overtime wages and spread of hours pay.

77. Upon information and belief, the FLSA Collective and the members of the Rule 23 Class were also not paid for many hours that they worked for Defendants.

78. Plaintiffs, the FLSA Collective, and the members of the Rule 23 Class are therefore entitled to the full minimum wage for each hour they worked for Defendants.

79. Plaintiffs, the FLSA Collective, and the members of the Rule 23 Class are entitled to their share of earned tips/gratuities for each hour and shift that they worked for Defendants.

80. In addition, at all relevant times hereto, Defendants failed to pay Plaintiffs, the FLSA Collective, and the members of the Rule 23 Class, overtime premiums at the proper rates for overtime hours they worked for Defendants.

81. Defendants did not keep accurate records, as required by law, of all of the hours worked by Plaintiffs, the FLSA Collective and the Rule 23 Class.

82. Defendants knew of, and/or showed reckless disregard for, the practices by which Plaintiffs and other similarly situated employees of Defendants were not paid for the hours they worked for Defendants.

83. Defendants knew that the nonpayment of minimum wages and overtime wages would economically injure Plaintiffs, the FLSA Collective and the Rule 23 Class, and that they violated the FLSA and NYLL and the 12 NYCRR.

84. Defendants committed the foregoing acts knowingly, intentionally and willfully against the Plaintiff, the FLSA Collective and the Rule 23 Class.

**Retaliation**

85. Plaintiff Vargas and others, including Plaintiffs Castrejon, Diaz, and Rivera, regularly noticed that gratuities/tips were missing, that there were inconsistencies in the gratuities/tips, and that all of the tips/gratuities were not being paid to them and the other food service workers.

86. Plaintiff Vargas and others, including Plaintiffs Castrejon, Diaz, and Rivera, often questioned, and complained to, management, including managers named Mo and Elvis, and to Defendant Yerman about the missing tips/gratuities.

87. Neither management nor Defendant Yerman ever responded substantively to Plaintiffs' concerns or questions. They never (i) told them how their portions of the tips/gratuities were calculated, (ii) provided a breakdown of the tips they earned, or (iii) provided the total tips/gratuities that the food service workers received during each shift they worked.

88. Furthermore, Defendants did not allow Plaintiffs, the FLSA Collective, and members of the Rule 23 Class to review or access the spreadsheet, or other records, that Defendants maintained that listed the amounts of tips received each shift/day.

89. Instead, Defendant Yerman got upset with them for questioning him, including telling them "What do you think… I'm stealing money?".

90. Plaintiff Vargas continued complaining to Defendant Yerman about these issues and on July 16, 2025 (at 4:39 PM) asked in a group chat for Defendants to account for the tips/gratuities that he and the others were questioning Defendants on/about, as follows:

> I wanted to inquire about how the pay structure works with the spreadsheet. I am not 100% clear on how the breakdown works so any level of transparency would be appreciated. Happy to chat in person or by phone to understand how we are compensated. Thank you in advance for your help here. Let me know if you need anything

91. Defendant Yerman shortly thereafter responded by text saying "Happy to explain Mo will meet with you. All tipped employees need to understand the new policy and procedure to avoid any misunderstanding and confusion. Also to insure tipped employees receive their fair share".

92. However, instead of explaining to Plaintiff Vargas how the tips/gratuities were being split/shared/distributed or giving him access to the spreadsheet/records, Defendant Yerman instructed manager Mo to immediately terminate Plaintiff Vargas' employment, purportedly because Defendants wanted to go "in a different direction" and because "business was slow" and that Defendants were "cutting hours".

93. Defendant Yerman was not happy with Plaintiff Vargas complaining about the missing tips/gratuities and for asking to review or access the tip pooling records that were not made available to him and the other food service workers - in violation of §146-2.17 of NYCRR 146 which specifically requires that "Such records must be regularly made available for participants in the tip sharing or tip pooling systems to review".

94. Defendants retaliated against Plaintiff Vargas - by firing him for a pretextual reason(s) on July 18th, one day after he sent the group text asking for "transparency" and "how the pay structure works with the spreadsheet" - for his opposition to the illegal ways in which they

paid him and the other food service workers, and for asking to review the tip pooling records for Plaintiff Vargas and the other food service workers, in accordance with §146-2.17 of NYCRR 146 which specifically requires that "Such records must be regularly made available for participants in the tip sharing or tip pooling systems to review".

95. As a result of Defendants' illegal retaliation, Plaintiff Vargas has suffered, and continues to suffer, loss of wages and emotional distress.

## FIRST CAUSE OF ACTION

**Fair Labor Standards Act, Overtime Wages (Brought by Plaintiffs on Behalf of Themselves and the Members of the FLSA Collective)**

96. Plaintiffs reallege and incorporate by reference all previous paragraphs as if they were set forth again herein.

97. At all times relevant, Plaintiffs and the members of the FLSA Collective are or have been employees within the meaning of 29 U.S.C. §§ 203(e), (m), and 206(a).

98. Plaintiffs consent in writing to be a party to this action under 29 U.S.C. § 216(b).

99. At all times relevant, Defendants have been employers of Plaintiffs and the members of the FLSA Collective, engaged in commerce and/or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(e) and 206(a).

100. Defendants failed to pay Plaintiff and the members of the FLSA Collective overtime wages for each hour of overtime they worked.

101. Plaintiffs and the FLSA Collective seek damages in the amount of their respective unpaid overtime wages, liquidated damages as provided by the FLSA, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CAUSE OF ACTION

**NYLL, Minimum Wages, Spread of Hours Pay & Overtime Wages**

**(Brought by Plaintiffs on Behalf of Themselves and the NYLL Class)**

102. Plaintiffs reallege and incorporate by reference all previous paragraphs as if they were set forth again herein.

103. At all relevant times, Defendants employed Plaintiffs and the NYLL Class Members within the meaning of the NYLL §651 and 12 NYCRR § 146-3.2.

104. It is unlawful under New York law for an employer to suffer or permit an employee to work without paying the required minimum wages for all hours worked.

105. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime premiums for all hours worked in excess of forty (40) hours in any workweek.

106. As set forth above, Defendants willfully, regularly, repeatedly and knowingly failed to pay Plaintiffs and the NYLL Class Members the required minimum wages for all hours worked.

107. As set forth above, Defendants willfully, regularly, repeatedly and knowingly failed to pay Plaintiffs and the NYLL Class Members for all of their overtime hours worked at the required overtime rates for hours worked in excess of forty (40) hours per workweek.

108. Defendants violated and are violating Plaintiffs' and the NYLL Class Members' rights by failing to pay or underpaying Plaintiffs and the NYLL Class Members the required overtime wages, in violation of NYCRR § 146-1.4.

109. Throughout the NYLL Class Period Defendants willfully, regularly, repeatedly and knowingly failed to pay Plaintiffs and the NYLL Class Members for all of the hours that they worked including time worked before and after their shifts.

110. Moreover, Plaintiffs and the NYLL Class Members are often unable to take uninterrupted meal breaks of more than ten (10) to twenty (20) minutes. On information and belief, Defendants deduct these meal breaks from the pay of Plaintiffs and the NYLL Class Members and do not pay them for this time even when they work through these breaks.

111. Defendants violated and are violating Plaintiffs' and the NYLL Class Members' rights by failing to pay Plaintiffs and the NYLL Class Members minimum wages for all hours worked.

112. Defendants were not eligible to avail themselves of the tip credit allowance under the NYLL because Defendants failed to provide Plaintiffs and the NYLL Class Members with the required NYLL notices and because they required Plaintiffs and the NYLL Class Members to share their tips with persons not entitled to share in a tip pool.

113. Defendants violated and are violating Plaintiffs' and the NYLL Class Members' rights by failing to pay or underpaying Plaintiffs and the NYLL Class Members the required spread of hours pay, in violation of NYCRR § 146-1.6.

114. Defendants' failure to timely pay Plaintiffs and the NYLL Class Members the foregoing amounts is a violation of the NYLL.

115. Pursuant to the NYLL, Defendants are liable to Plaintiffs and the NYLL Class Members for unpaid or underpaid (1) overtime compensation, (2) minimum wages, and (3) spread-of-hours wages.

116. Plaintiffs and the NYLL Class Members are further entitled to recover liquidated damages, pursuant to NYLL § 198 and § 663(1).

117. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiffs and the NYLL Class Members have sustained damages, including loss of earnings, in an amount to be established at trial.

118. On March 20, 2020, during the Covid 19 pandemic, Governor Andrew Cuomo issued the first of a series of executive orders tolling the statute of limitations in New York. In total, these executive orders tolled the statute of limitations for a period of 228 days until November 3, 2020. *See Roach v. Cornell University*, 207 A.D.3d 931, 218 (Sup. Ct. 3rd Dept. 2022); *Flaherty v. Dixon*, 22 Civ. 2642 (LGS), 2023 WL 2051861, at *3-4 (S.D.N.Y. Feb. 16, 2023). Plaintiffs' NYLL claims which accrued prior to March 20, 2020 are thus tolled for an additional 228 days.

119. Plaintiffs, on behalf of themselves and the NYLL Class Members, seek damages in the amount of their respective unpaid overtime compensation, minimum wages, spread of hours pay, liquidated damages, prejudgment interest at the statutory rate, post judgment interest, attorneys' fees and costs, pursuant to the NYLL, and such other legal and equitable relief as this Court deems just and proper.

**THIRD CAUSE OF ACTION**

**(NYLL – Illegal Tip Deductions, Brought by Plaintiffs on Behalf of Themselves and the NYLL Class)**

120. Plaintiffs, on behalf of themselves and the NYLL Class Members, reallege and incorporate by reference all previous paragraphs as if they were set forth again herein.

121. Defendants violated §196-d of the NYLL by unlawfully retaining, and failing to distribute to Plaintiffs and the NYLL Class, all of the tips/gratuities that customers paid to

them—instead distributing some of the tips/gratuities to Defendants' owners, managers and/or other employees who were not entitled to them.

122. As a direct and proximate result of Defendants' willful and unlawful conduct, Plaintiffs and the NYLL Class Members have sustained damages, including the loss of earnings, in an amount to be established at trial.

123. On March 20, 2020, during the Covid 19 pandemic, Governor Andrew Cuomo issued the first of a series of executive orders tolling the statute of limitations in New York. In total, these executive orders tolled the statute of limitations for a period of 228 days until November 3, 2020. *See Roach v. Cornell University*, 207 A.D.3d 931, 218 (Sup. Ct. 3rd Dept. 2022); *Flaherty v. Dixon*, 22 Civ. 2642 (LGS), 2023 WL 2051861, at *3-4 (S.D.N.Y. Feb. 16, 2023). Plaintiffs and the NYLL Class Members' NYLL claims which accrued prior to March 20, 2020 are thus tolled for an additional 228 days.

124. Due to Defendants' NYLL violations, Plaintiffs, on behalf of themselves and the NYLL Class Members, seek damages in the amount of their respective tips/gratuities, liquidated damages, pre-judgment interest at the statutory rate and post-judgment interest, attorneys' fees and costs, as provided by the NYLL, and such other legal and equitable relief as this Court deems just and proper.

## FOURTH CAUSE OF ACTION

### (NYLL – Notice Violations Brought by Plaintiffs on Behalf of Themselves and the NYLL Class)

125. Plaintiffs, on behalf of themselves and the NYLL Class Members, reallege and incorporate by reference all previous paragraphs as if they were set forth again herein.

126. Defendants failed to furnish to each Plaintiff and each NYLL Class Member, at the time of hiring, an accurate notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; any doing business as names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the Wage Theft Prevention Act, NYLL § 195(1) and NYCRR § 146-2.2.

127. Defendants failed to furnish to Plaintiffs and the NYLL Class Members with each wage payment an accurate statement listing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of the Wage Theft Prevention Act, N.Y. Lab. Law § 195(3) and NYCRR § 146-2.3.

128. Defendants' record keeping and notice violations prevented Plaintiffs and the NYLL Class Members from knowing their legal rights and from figuring out how many hours they were not properly compensated for.

129. Defendants violated NYLL § 195(1) and (3) and consequently owe Plaintiffs and the NYLL Class Members statutory damages as specified by NYLL § 198(1-d).

130. Plaintiffs, on behalf of themselves and the NYLL Class Members, seek statutory damages as specified by NYLL § 198(1-b) and (1-d), reasonable attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**FIFTTH CAUSE OF ACTION**

**(FLSA – Retaliation Brought by Plaintiff Vargas)**

131. Plaintiff Vargas realleges and incorporates by reference all previous paragraphs as if they were set forth again herein.

132. Defendants, by the above referenced conduct, unlawfully retaliated against Plaintiff Vargas in violation of 29 U.S.C. § 215(a)(3).

133. Defendants violated 29 U.S.C. § 215(a)(3by firing Plaintiff Vargas after he objected to, and complained about, Defendants' unlawful wage practices.

134. Defendants knew that their actions constituted unlawful retaliation and/or showed reckless disregard for Plaintiff Vargas' statutorily protected rights.

135. As a consequence of Defendants' retaliatory actions in violation of the FLSA, Plaintiff Vargas has suffered, is now suffering and will continue to suffer, irreparable injury and monetary damages, including lost wages, and emotional distress and is entitled to compensatory, liquidated, and punitive damages, as well as injunctive relief.

**SIXTH CAUSE OF ACTION**

**(NYLL – Retaliation Brought by Plaintiff Vargas)**

136. Plaintiff Vargas realleges and incorporates by reference all previous paragraphs as if they were set forth again herein.

137. Defendants, by the above referenced conduct, unlawfully retaliated against Plaintiff Vargas in violation of NYLL § 215, by terminating Plaintiff Vargas after he objected to, and complained about, Defendants' unlawful wage practices.

138. Defendants terminated Plaintiff Vargas' employment in retaliation for his complaints concerning Defendants' unlawful wage practices, including with him inquiring about the tip pooling records that were not made available for Plaintiff Vargas and the other food service workers, in violation of §146-2.17 of NYCRR 146 which specifically requires that "Such records must be regularly made available for participants in the tip sharing or tip pooling systems to review". *Id.*

139. Defendants knew that their actions constituted unlawful retaliation and/or showed reckless disregard for Plaintiff Vargas' statutorily protected rights.

140. Plaintiff Vargas will serve notice of this complaint upon the Attorney General of the State of New York, after the filing of this Complaint in court.

141. As a consequence of Defendants' retaliatory actions in violation of the NYLL, Plaintiff Vargas has suffered, is now suffering, and will continue to suffer irreparable injury and monetary damages, including lost compensation, and emotional damages, and is entitled to lost compensation, benefits and other remuneration, emotional distress damages, and statutory liquidated damages of $20,000, pre and post judgment interest, and reasonable attorneys' fees and costs, as well as injunctive relief.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs, on behalf of themselves, the members of the FLSA Collective, and the NYLL Class Members pray for relief as follows:

(a) Certification of this action as a collective action as it relates to the First Cause of Action and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all members of the FLSA Collective described herein apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

(b) Designation of Plaintiffs and their counsel to represent the members of the FLSA Collective;

(c) Certification of this action as a class action pursuant to Fed. R. Civ. P. 23 as it relates to the Second, Third and Fourth Causes of Action;

(d) Certification of Plaintiffs as class representatives and designation of Plaintiffs' counsel as class counsel;

(e) An award of unpaid minimum wages, unpaid overtime compensation, unpaid hourly compensation, tips and gratuities, and spread of hours pay, according to proof, including FLSA and NYLL liquidated damages, and interest, to be paid by Defendants;

(f) Statutory damages under NYLL § 198(1-b) and (1-d) for violations of NYLL § 195(1) and (3);

(g) Costs of action incurred herein, including expert fees;

(h) Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, and NYLL § 663.

(i) Pre-Judgment and post-judgment interest, as provided by law;

(j) Retaliation damages as set forth in the Fifth and Sixth Cause of Action for Plaintiff Vargas; and

(k) Such other and further legal and equitable relief as this Court deems necessary, just and proper.

**JURY TRIAL DEMAND**

Plaintiffs, on behalf of themselves, the members of the FLSA Collective, and the Class Members, demand a trial by jury on all causes of action and claims with respect to which they have a right to a jury trial.

Dated: March 26, 2026

Respectfully submitted,

David Harrison

**HARRISON, HARRISON & ASSOC., LTD**
David Harrison, Esq
Julie Salwen, Esq.
110 State Highway 35, 2nd Floor
Red Bank, NJ 07701
Telephone: 888-239-4410
dharrison@nynjemploymentlaw.com